UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLARISSA TERRA                                JURY TRIAL DEMANDED

v.                                                          CASE NO. 3:11 cv

LAW OFFICES HOWARD LEE SCHIFF, P.C.
CAPITAL ONE BANK (USA),
      NATIONAL ASSOCIATION

## COMPLAINT

1. This is an action for damages, costs and attorney's fees seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder; and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42 110a.

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff is an individual who resides in Connecticut.

4. Plaintiff is a consumer within the meaning of the FDCPA.

5. Defendant Schiff is a law firm engaged in the practice of consumer debt collection.

6. Defendant Capital One f/k/a Capital One Bank, was a judgment creditor of plaintiff's.

7. Defendant Schiff acted on behalf of defendant Capital One as its attorney at all times relative to the collection efforts set forth herein.

8. Defendants engaged in efforts to collect from plaintiff a personal credit card account issued on behalf of Capital One Bank.

9. Judgment entered in favor of Capital One Bank for $667.13 plus $35 costs, in

Capital One Bank v. Terra, SCAH-186992 ("the Small Claims case"), on January 9, 2007.

10. Conn. Gen. Statutes § 37-3a, enacted in 1972, made interest discretionary, currently at a discretionary rate of "no more" than 10% per annum. Urich v. Fish, 112 Conn. App. 837, 843-44 (2009) Sears, Roebuck & Co. v. Board of Tax Review, 241 Conn. 749, 765 (1997).

11. In order to obtain postjudgment interest, defendants had to move for an order of postjudgment interest, and allege and prove that plaintiff had wrongfully detained money.

12. Defendants did not file a motion for postjudgment interest in the Small Claims case as required by law in order to obtain that relief. Bower v. D'Onfro, 45 Conn.App. 543, 549 (1997).

13. Defendants did not allege that plaintiff had unlawfully detained money.

14. Defendants did not prove that plaintiff had unlawfully detained money. TDS Painting & Restoration v. Copper Beech Farm, 73 Conn. App. 492, 511 (2002)

15. The court did not award postjudgment interest in the Small Claims case.

16. Pursuant to Conn. Gen. Stat. 52-350c, the judges, or their designee, shall prescribe any forms applicable to the PostJudgment Remedies Act.

17. On 6/29/2010, defendants filed an application for wage execution proceedings in the Small Claims case on the designated Judicial Department form, JD-CV-3. Exhibit 1.

18. On 6/29/2010, defendants knew that no postjudgment interest had been awarded by the court.

19. The defendants' application properly left blank the checkbox for "Postjudgment interest was ordered by the Court."

20. On 8/9/2010, the clerk granted the defendants' application with the checkbox for "Post judgment interest was ordered by the Court" blank. Exhibit 1.

21. Thereafter, Schiff transmitted the execution to Marshal Lepito with specific directions to add $204.67 interest to the amount of the wage execution. A true copy of the transmittal is attached hereto. Exhibit 2.

22. Thereafter, Marshal Lepito transmitted the execution to the plaintiff's employer with an extra-judicial letter from Schiff  "To Employer with copy for Employee" stating, inter alia, "Judgment interest accrues, on the decreasing balance, until the balance is paid. Since we are not sure how long it will take for this interim balance to be paid, we will advise you as to the additional judgment interest which will be due when we are informed that the interim balance is, or is almost paid." A true copy of the employer transmission is attached as Exhibits 3-5.

23. The transmittal claimed that $956.57 was due, a sum which unlawfully included post judgment interest that had not been awarded by the court, as well as a marshal's fee calculated upon the false amount that included unlawful postjudgment interest. Exhibit 4.

24. Defendants in fact collected the entire amount of $956.57.

25. Defendants refused to refund the amount representing unlawful postjudgment interest and the marshal's fee calculated on said amount.

26. Defendants engage in a regular practice of unlawfully adding postjudgment interest after receiving an execution which specifically leaves unchecked the box which

would, if checked, allow collection of post-judgment interest.

27. Defendants engage in a regular practice of representing to the marshal that postjudgment interest was due and owing even though the box on the execution form was unchecked.

28. Defendants engage in a regular practice of representing to the garnishee, through the marshal, that postjudgment interest was due and owing even though the box on the execution form was unchecked.

29. Defendants engage in a regular practice of having the marshal serve their informal letter to the employer as part of the service of execution.

30. Defendants intentionally, knowingly, and willfully altered or ignored the terms of the execution issued here in the Small Claims case.

31. By 8/9/2010, Defendants had already been put on notice that it is inexcusable to inflate the amount of an execution after a court of law has already issued an order with instructions to collect less. Egletes v. Law Offices Howard Lee Schiff, P.C., 2010 WL 3025236 (D. Conn. July 30, 2010).

32. The FDCPA and the Creditor's Collection Practices Act each prohibit the defendants from representing to the debtor and the world that the debtor owes a new, higher amount, which reflects what the creditor thinks the court should have ordered. Egletes v. Law Offices Howard Lee Schiff, P.C., 2010 WL 3025236 (D. Conn. July 30, 2010).

33. In the course of the collection, defendant Schiff violated the FDCPA, §1692d, -e, or -f(1).

34. In the course of the collection, defendant Capital One violated the parallel provisions of the Creditor's Collection Practices Act and regulations.

35. In the course of the collection, defendants committed unfair or deceptive trade practices, causing ascertainable loss to plaintiff, in the form of the wrongfully collected amounts and the loss of use thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant Schiff for actual and statutory damages, pursuant to 15 U.S.C. § 1692k;

(b) That judgment be entered against defendant Capital One for actual and statutory damages, pursuant to Conn. Gen. Stat. § 36a-648;

(b) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Conn. Gen. Stat. § 36a-648; and,

(f) That the Court grant such other and further relief as may be just and proper, including actual damages, punitive damages, injunctive relief, disgorgement, and restitution, as applicable

PLAINTIFF,

BY   **/s/ Joanne S. Faulkner**
Joanne S. Faulkner ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

**WAGE EXECUTION PROCEEDINGS**
**APPLICATION, ORDER, EXECUTION**
JD-CV-3 Rev. 10-09
General Statutes §§ 31-58h, 52-350b, 52-356b,
52-361a, 29 U.S.C. §206(a)(1)

Application

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

Employer: See Page 2 for instructions

### Instructions

**Clerk**
1. Issue execution by signing original and 2 copies
2. Return one copy for court file
3. Enter any court ordered limitation at the bottom of section II on page 2

**Proper Officer**
1. Leave one signed copy with employer
2. Make return on signed original
3. Leave one copy of Modification and Exemption Claim form (JD-CV-3a) with employer and fill in "Date of Service" on form



| Address of court (Number, street, and town) | | | | | | Date of judgment | Docket number |
|---|---|---|---|---|---|---|---|
| JUD CENTER ST HARTFORD | GA | JD | Housing Session | | | 1/27/10 | CVH-11204625 |

Name and mailing address of Judgment Creditor or Attorney
(To be completed by Judgment Creditor or Attorney)

Law Offices
Howard Lee Schiff, P.C.
P.O. Box 280245
E. Hartford, CT 06128-0245

CN: H04820

Name(s) and address(es) of Judgment Debtor(s)

CLARISSA J TERRA
20 BELAIRE CIRCLE
WINDSOR LOCKS CT 06096-2803

Amount of $
$100.00
(Employer's must pay amount of execution calculated on page 2 of this form)
Commencement date
7/01/09

Name(s) and address(es) of Judgment Creditor(s)
CAPITAL ONE BANK
6851 COX ROAD
GLEN ALLEN VA 23060

APPWEX
WAGEEX

Name and address of employer of Judgment Debtor (if known)
SPECTRUM STAFFING SERVICES INC (FED) (CT LIQUIDATING GROUP) c/o CT CORP SYS
1. Amount of judgment (Include, where applicable, prejudgment interest and attorney's fees)
$667.17

2 Amount of costs and fees
$85.00

Telephone number of employer (if known)

3. Total amount of judgment, costs and fees (Add 1 and 2)
$752.17

4. Total amount paid (if any)
$150.00

5. Total amount unpaid (Subtract 4 from 3)
$602.17

6. Application fee for wage execution (If not waived by the court)
$75.00

7. Other Court ordered postjudgment costs and fees
N/A

Check, if applicable
☐ Postjudgment interest was ordered by the Court

8. Total of lines 5, 6 and 7
$677.17

Signed (Judgment Creditor or Attorney)
Stephen A Wiegand, Esq.

Date signed
6/29/10

Telephone number
860-528-9771

**To: Any Proper Officer** *Pursuant to C.G.S. Sec. 37-3a and Sec. 52-356a(b),

Whereas the above-named Judgment Creditor(s) recovered judgment against the above-named Judgment Debtor(s) for the above Amount of Judgment, Costs and Fees as appears of record, whereof execution remains to be done on the Total Shown in line 8 above,

And Whereas, pursuant to statute, the said court entered an order that said judgment be paid in installment payments, as appears of record,
And Whereas, the said Judgment Debtor(s) failed to comply with said order for installment payments, as appears of record,

**EXHIBIT 1**

10/10   11-29-2010   02:16:53 p.m.   860 656 3702

## WAGE EXECUTION TRANSMITTAL

September 23, 2010

STATE MARSHAL LEPITO            OUR FILE CN-M04620

FROM: LAW OFFICES HOWARD LEE SCHIFF, P.C.
RE:    CAPITAL ONE BANK vs. CLARISSA J TERRA

DEAR STATE MARSHAL LEPITO

ENCLOSED FIND A WAGE EXECUTION FOR SERVICE. DEFENDANT'S
EMPLOYMENT WAS VERIFIED FL AT:

SPHERION STAFFING LLC
2050 SPECTRUM BLVD

FT LAUDERDALE, FL 33309
Telephone: 000-000-0000

- - - - - - - DEFENDANT INFORMATION - - - - - - - -

CLARISSA J TERRA

20 BELAIRE CIRCLE

WINDSOR LOCKS, CT
DATE OF BIRTH: 00/00/00 SOC SEC NO: 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

- - - - - - - - CLAIM INFORMATION - - - - - - - - -

AMOUNT DUE:                  627.13
INTEREST:                    204.67
JUDGMENT LIEN/COSTS:
OUR TOTAL:                   831.80

MARSHAL'S EXECUTION FEE:     _124.77_

GRAND TOTAL:               _956.57_

DATE LEVIED: _9/27/10_

LEVIED WITH: _Spherion Staffing_

Please be sure to fill in all spaces above and return a
copy of this form to our office as soon as you levy the
wage execution.

- - - - - - - - - SPECIAL INSTRUCTIONS - - - - - - - - -

EMPLOYMENT ASSUMED

**EXHIBIT 2**

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.
AO

JOHN LEPITO
STATE MARSHAL-HARTFORD COUNTY
69 WALNUT STREET
P. O. BOX 305
NEW BRITAIN, CONNECTICUT 06050-0305

OFFICE: (860) 224-1213
FAX: (860) 224-1508

SEPTEMBER 27, 2010

**SPHERION**
**ATTN: PAYROLL**
**2050 SPECTRUM BLVD**
**FT LAUDERDALE, FL 33309**

RE : WAGE EXECUTION CLARISSA J. TERRA     SS#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
DOCKET NO: SCah186992     AMOUNT DUE:$956.57

## DOCKET # MUST APPEAR ON ALL PAYMENTS

Dear Employer:

    Your company is being served with two sets of a State of Connecticut Superior Court Wage Execution (enclosed) in regards, an employee Of SPHERION forwarded to us for collection from THE LAW OFFICES OF HOWARD LEE SCHIFF. One set is to be retained by the employer, and one set is to be given to the employee. If the debtor has terminated, please advise our office immediately with a termination date.

**Deductions are to be 25% of the employee's disposable earnings for week**, please read directions on the back of the wage execution. It is NOT the amount shown on the front of the garnishment. Deductions are to **begin 21 days after receipt of this service.** If the employee files the exemption claim form, kindly wait for court notice of amount that is to be deducted.

Please read the enclosed employer notice carefully. All payments are to be made directly to the above address. If there are any questions, do not hesitate to call our office

Thank you.

Sincerely,
John Lepito
State Marshal
enclosure

**EXHIBIT 3**

DATE: 7/27/10    Thomas J. Dunn

STATE OF CONNECTICUT
COUNTY OF HARTFORD    CSI# 558-417-5741

The within is a true copy of the original execution now in my hands for collection:

| | |
|---|---|
| Execution Balance | 627.13 |
| Interest | 264.67 |
| Bank Fee | -8.00 |
| Judgment Lien/Costs | 231.80 |
| Marshal's Fee | 124.97 |
| **TOTAL** | **$ 1,256.57** |

A TRUE COPY ATTEST
John Lepito, State Marshal
Hartford County

Employer Copy

KINDLY MAKE ALL CHECKS PAYABLE TO AND MAIL ALL PAYMENTS OR COMMUNICATIONS TO:

John Lepito, State Marshal
P.O. Box 305
New Britain, CT 06050-0305

(860) 224-1213

EXHIBIT 4

LAW OFFICES

# HOWARD LEE SCHIFF, P.C.

510 TOLLAND STREET • POST OFFICE BOX 26025 • EAST HARTFORD, CT 06118-0125
TELEPHONE (860) 528-9991 • FAX (860) 528-9802

ROY S. BRADRICK · CT
ROBERT E. JOHNSON, JR. · CT
CHRISTOPHER T. MOYLAN · CT
ADAM J. OLSHAN · CT NY
STEPHEN A. WERNER · CT
OF COUNSEL
HOWARD LEE SCHIFF · CT

To <u>Employer with copy for Employee</u>

Remarks

Please note that the deduction <u>to be taken on the wage execution is not the</u> amount of <u>weekly payments ordered</u>" but is to be calculated by the formula explained in the execution (next to where "disposable earnings" is defined).

The judgement interest on the wage execution has been calculated as of the date we are issuing it to the marshal prior to its being levied. Judgement interest accrues, on the decreasing balance, until the balance is paid. Since we are not sure how long it will take for this interim balance to be paid, we will advise you as to the additional judgment interest which will be due when we are informed that the interim balance is, or is almost paid.

To avoid unnecessary interruption in the deductions from your employee's pay, it possible, <u>it would be advisable to contact us approximately one month prior to the payment of the interim balance</u> so we can advise you of any supplemental balance due.

Also, please **PUT DEFENDANT'S FULL NAME AND OUR "CN#" NUMBER** (found above our name on the top left of execution) on all checks and correspondence. PLEASE REMIT ALL WAGE EXECUTION MONEY DIRECTLY TO OUR MARSHAL.

Employee please note that we are required to advise you we are attempting to collect a debt and any information obtained will be used for that purpose.

Thank you.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

EXHIBIT 5